ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| JOSÉ RAÚL PAGÁN DIEPPA Y OTROS<br><br>Recurridos<br><br>v.<br><br>HOSPITAL GENERAL MENONITA, INC. Y OTROS<br><br>Peticionarios | KLCE202401200 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas |
| | | Civil Núm.: CG2020CV00904<br>Sala: 702 |
| | | SOBRE:<br>Daños y Perjuicios |

Panel Especial integrado por su presidenta la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y el Juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 16 de enero de 2025.

Comparece el Dr. Ángel Nazario Rodríguez y el Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico Hospitalaria (SIMED) (en adelante "Peticionarios") mediante recurso de *certiorari* y solicita que revisemos la Resolución dictada el 4 de septiembre de 2024[2] por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "foro recurrido"). En esa ocasión, el foro recurrido declaró "*No Ha Lugar*" la *Moción Solicitando Notificación Enmendada*[3] presentada por los Peticionarios.

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202200014, KLAN202400300 y KLAN202400481).
[2] Notificada el 5 de septiembre de 2024.
[3] Véase Apéndice II del recurso apelativo, págs. 3-5.

Número Identificador

RES2025_____

Por los fundamentos que exponemos a continuación, se expide el auto y se ***revoca*** al foro primario.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

El 8 de noviembre de 2023, el señor José Raúl Pagán Dieppa ("Recurrido" o "Sr. Pagán Dieppa") desistió con perjuicio de su reclamación en cuanto a los Peticionarios.[4] El 9 de febrero de 2024[5] el foro recurrido dictó *Sentencia Parcial*[6] sin perjuicio respecto a los Peticionarios. Inconforme con tal determinación, el 27 de febrero de 2024 los Peticionarios presentaron una *Reconsideración*[7] a fin de que el foro primario decretase el archivo con perjuicio en cuanto a los Peticionarios. El 1 de marzo de 2024, el foro recurrido emitió una *Orden* declarando "*No Ha Lugar*" la Reconsideración[8]. En virtud de dicha Orden, los Peticionarios acudieron ante esta Curia mediante recurso de apelación[9]. En esa ocasión, desestimamos el recurso, toda vez que la notificación hecha el 1 de marzo de 2024 fue defectuosa por no haber incluido a la Procuradora de Asuntos de Familia (en adelante "Procuradora"). Por tal razón, los términos no habían comenzado a decursar. Ante dicha determinación, los Peticionarios le solicitaron al foro primario que enmendara la notificación para incluir a la Procuradora, así como al Defensor Judicial.[10] Así las cosas, el foro primario declaró "*Ha Lugar*" la

---

[4] Véase Entrada #211 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Notificada el 12 de febrero de 2024.
[6] Véase Apéndice XVIII del recurso de *certiorari*, pág. 115.
[7] Véase Apéndice XX del recurso de *certiorari*, págs. 116-120.
[8] Véase Apéndice VII del recurso de *certiorari*, págs. 23-24.
[9] KLAN202400300.
[10] Véase Entrada #227 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

solicitud y el 16 de abril de 2024 notificó la notificación enmendada.[11] A base de dicha notificación, el 14 de mayo de 2024 los Peticionarios comparecieron ante este Tribunal mediante recurso de apelación.[12] Sin embargo, el recurso fue desestimado. En esa ocasión nos expresamos indicando que la notificación del foro primario fue defectuosa, toda vez que se emitió sin haber recibido los mandatos referentes a los recursos presentados con anterioridad, a saber: KLAN202400300[13] y KLAN202400481[14]. Por lo tanto, el foro recurrido actuó sin jurisdicción.

El 26 de agosto de 2024, los Peticionarios presentaron una *Moción Solicitando Notificación Enmendada*[15]. El 5 de septiembre de 2024, el foro primario emitió una *Orden*[16] declarando "*No Ha Lugar*" dicha solicitud. Inconformes los Peticionarios, el 20 de septiembre de 2024 presentaron una *Moción de Reconsideración*[17]. El foro primario se sostuvo en su determinación y mediante *Orden*[18] emitida el 1 de octubre de 2024 declaró "*No Ha Lugar*" la solicitud. Ante tal determinación, los Peticionarios acuden ante nos mediante recurso de *certiorari* y hacen el siguiente señalamiento de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A CUMPLIR CON SU DEBER MINISTERIAL DE CORREGIR LA NOTIFICACIÓN DEFECTUOSA RELACIONADA A ADJUDICACIÓN DE RECONSIDERACIÓN PRESENTABA [SIC] EL 27 DE FEBRERO DE 2024, EN CONTRAVENCIÓN DE LO**

---

[11] Véase Entrada #228 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[12] KLAN202400481.
[13] El mandato fue notificado el 6 de julio de 2024.
[14] El mandato fue notificado el 10 de julio de 2024.
[15] Véase Apéndice II del recurso de *certiorari*, págs. 3-5.
[16] Véase Entrada #240 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[17] Véase Apéndice IV del recurso de *certiorari*, págs. 11-15.
[18] Véase Entrada #242 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

**DISPUESTO POR EL TRIBUNAL DE APELACIONES EN SENTENCIA DICTADA EN EL RECURSO KLAN202400481.**

-II-

### A. Certiorari

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[19] Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[20] Esta discreción se define como "*el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción*".[21] Asimismo, la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa.[22] Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta.[23] Esto, por razón de que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría un abuso de discreción.

### B. Mandato

El mandato constituye el "*medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar de conformidad con la misma.*"[24] La figura del mandato guarda una función dual

---

[19] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 2020 TSPR 104, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185DPR 307, 337-338 (2012).
[20] *Negrón v. Secretario de Justicia,* 154 DPR 79, 91 (2001).
[21] *García v. Padró*, 165 DPR 324, 334 (2005).
[22] *Id.,* a las págs. 334-335.
[23] *Id.,* a la pág. 335.
[24] *Colón y otros v. Frito Lay*, 186 DPR 135, 151 (2012).

que impacta la jurisdicción del foro revisado: "*[p]rimeramente, le reviste nuevamente con autoridad sobre el caso, a la vez que le permite disponer de éste [sic] conforme las directrices impartidas por la resolución o sentencia concernida.*"[25]

El concepto *mandato* cobra relevancia en lo referente a los efectos jurisdiccionales que pueda tener su remisión al foro de origen. Será a partir de su envío que, para todos los fines legales, este Tribunal perderá jurisdicción en lo concerniente al asunto que tuvo ante su consideración.[26] Siendo así, "*el tribunal sujeto a revisión no adquiere jurisdicción nuevamente para poder continuar con los procedimientos y ejecutar los dictámenes de la sentencia en alzada hasta tanto reciba el mandato del tribunal revisor.*"[27]

Por lo tanto, una vez paralizados los procedimientos en el tribunal de origen, ya sea por tratarse de una apelación o de un *certiorari* propiamente expedido, el foro recurrido pierde la autoridad para atender las controversias planteadas en alzada, y no vuelve a ostentar jurisdicción sobre estas, hasta tanto el tribunal intermedio le remite el correspondiente mandato.[28] Lo anterior, tiene el ineludible efecto "*de anular toda actuación que lleve a cabo el foro revisado, luego de que los asuntos se hayan paralizado y previo a recibir el mandato.*"[29]

### C. Falta de Notificación

La Regla 65.3 de las de Procedimiento Civil dispone que la notificación y el archivo en autos de una orden,

---

[25] *Íd.*, a la pág. 155.
[26] *Colón y otros v. Frito Lays, supra,* a la pág. 153.
[27] *Íd.*, a la pág. 154.
[28] *Íd.*
[29] *Íd.*, a la pág. 138.

resolución o sentencia debe realizarse a todas las partes que hayan comparecido en el litigio.[30] La referida notificación y archivo constituye una etapa crucial del proceso adjudicativo.[31] A partir de ese momento la sentencia se considera final mas no firme, y comienza a decursar el término para apelar.[32] Es norma reiterada que, este deber de notificación no constituye un mero requisito procesal impuesto por las Reglas de Procedimiento Civil, sino más bien responde al debido proceso de ley.[33] Su imperiosidad radica en el efecto que tiene dicha notificación sobre los procedimientos posteriores a la sentencia.[34] Por eso, la correcta y oportuna notificación de las órdenes y sentencias de los tribunales y de los dictámenes administrativos es un requisito *sine qua non* de un ordenado sistema judicial.[35] Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial.[36]

-III-

Según surge de los autos del caso, los Peticionarios han acudido en dos ocasiones ante este Tribunal respecto a la controversia de epígrafe. Primeramente, intentaron apelar la determinación del foro recurrido mediante el recurso número KLAN202400300. En esa ocasión, esta Curia expresó que no tenía jurisdicción debido a que el foro primario no notificó a la Procuradora la Orden disponiendo de la Moción de Reconsideración presentada por los Peticionarios.

---

[30] 32 LPRA Ap. V, R. 65.3.
[31] *Yumac Home v. Empresas Massó*, 194 DPR 96, 105 (2015).
[32] *Íd.*, a la pág. 105.
[33] *Íd.*
[34] *Íd.*
[35] *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019).
[36] *Yumac Home v. Empresas Massó, supra*, a la pág. 106.

Posteriormente, el 15 de abril de 2024, el foro primario enmendó la notificación, incluyendo así a la Procuradora. A tenor con lo anterior, los Peticionarios acudieron nuevamente ante nos, en esta ocasión bajo el recurso número KLAN202400481. Dicho recurso fue desestimado por esta Curia, debido a que el foro recurrido no había recibido el mandato del recurso anterior -KLAN202400300-, por lo que carecía de jurisdicción para dar curso a trámite alguno referente a la controversia ente las partes.

Tal y como señalamos en el acápite II de esta Resolución, nuestro más alto foro ha sido enfático en que el tribunal sujeto a revisión no adquiere jurisdicción nuevamente sobre el asunto en controversia hasta tanto reciba el mandato del tribunal revisor. Siendo así, la notificación enmendada que emitió el foro primario, a pesar de incluir a la Procuradora, no surtió efecto jurídico alguno, toda vez que se realizó previo a recibir los mandatos correspondientes. Por lo tanto, el foro primario actuó sin jurisdicción.

Conforme con lo anterior, se le ordena al foro primario notificar nuevamente la Orden en cuestión a la Procuradora, así como a todas las partes de forma que se cumpla con el debido proceso de ley.

-IV-

Por los fundamentos antes esbozados, se expide el auto, se *revoca* la determinación del foro recurrido y se le ordena al foro primario notificar nuevamente a la Procuradora así como a todas las partes la Orden disponiendo de la Moción de Reconsideración presentada por los Peticionarios.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*